A writ of injunction had been issued in vacation to restrain the defendant Taylor from working and using certain pinetrees *Page 411 
for the purpose of making turpentine on a tract of land which the plaintiff had purchased in August, 1856, as the property of the other defendant, Campbell. The land had been sold by the sheriff of Robeson under judgments and executions against the said Campbell, and a deed had been made to him of the premises, of that date, (Aug. 1856.) The bill alleged that the plaintiff had instituted an action of ejectment against Campbell, in the Superior Court of Robeson, which was still pending; that the defendant Taylor had entered into the possession of the premises under the defendant Campbell, had cut and boxed a very large number of the trees for the purpose of obtaining turpentine from them; that he was preparing to dip and take off the same from the trees, and that as both Campbell and Taylor were insolvent, he would probably lose the whole value of the commodity thus obtained by Taylor, and all rent for the use of the trees which might be received by Campbell; that the land was not fit for any other profitable use except that of making turpentine; that the process of making this article was quite exhaustive in its tendency, and that, from the insolvency of the said parties, the injury thus done to the property by destruction, would be also irreparable.
The prayer of the bill is to restrain the defendants from committing waste and destruction upon the premises by cutting and boxing trees, and from dipping and taking away the turpentine.
The defendants answered severally, Campbell averring that only one third of the interest in the premises had ever belonged to him, and that he had sold and conveyed that interest to his son, John E. Campbell, for a full and fair price, in the year 1853, before any judgment, execution or sale to the plaintiff by the sheriff of Robeson; that the other shares in the land belonged to his two sisters, Catharine and Nancy; that as agent and tenant of his son John E., he was residing on the land in question, and that as such agent, in January, 1856, he had leased the same for three years to the defendant Taylor for the purpose of operating for turpentine, and that *Page 412 
his two sisters above named had also made leases for the same length of time for the same purpose, reserving a certain rent for the premises.
Taylor, in his answer, sets up these leases, which he likewise asserts were made at the time they bear date, to wit, in January, 1856, and says he is working at the business above described, in virtue thereof. He denies that he is insolvent, but says he is fully able to pay the rent agreed upon, or any damages that may be arising on account of the injuries complained of; and he likewise denies that any material injury can be done to the trees during the unexpired period of his lease, or that the land is unfit for cultivation.
On the coming in of the answers, a motion was made by the defendants to dissolve the injunction, which was ordered by the Court, and the plaintiff appealed.
There is no error in the interlocutory order disposing of the injunction. The defendant Taylor had leased the turpentine trees upon the land, in January, 1856, for the term of three years. The plaintiff did not acquire title till afterwards, to wit, August, 1856. Consequently, he took the land subject to the title of Taylor, and has no ground upon which he can ask this Court to restrain Taylor from cultivating the trees in pursuance of the paramount title created by the lease. The plaintiff's remedy, if he has any, is to have a receiver appointed to hold the rent until his title to the reversion can be established by his action at law; upon the ground that the rent is incident to the reversion, and belongs to him. This relief is inconsistent with the relief prayed for.
We concur with his Honor that the injunction ought to have been dissolved upon the coming in of the answers.
PER CURIAM, Interlocutory decree affirmed. *Page 413